UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAUN MYERS, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-1751 (VAB) |
| | : | |
| v. | : | |
| | : | |
| D. MURPHY, *et al.*, | : | |
| Defendants. | : | MARCH 28, 2016 |
| | : | |

**INITIAL REVIEW ORDER**

Plaintiff, Shaun Myers, currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. §§ 1983, 1985 and 1986.  Compl., ECF No. 1.  The Court received his Complaint on November 30, 2015, and granted his Motion to Proceed *In Forma Pauperis* on December 2, 2015.

Defendants are Correctional Officers D. Murphy, Lukasiewski and Rentz, Lieutenant Marston, Counselor Supervisor B. Griggs, Acting Commissioner "John Doe #2," and Director of Classification "John Doe #1."  Mr. Myers asserts a number of legal claims arising out of his allegations that the Defendants used excessive force against him and placed him in segregation without affording him due process.  He seeks damages from the Defendants in their individual capacities and declaratory relief in their official capacities.  Compl. at Request for Relief.

**I.     Standard of Review**

Under 28 U.S.C. §1915A, the Court must review civil complaints filed by prisoners seeking redress from a governmental entity or employee and dismiss any portion of the

complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, to survive this review, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).  Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition, because Mr. Myers is *pro se*, the Court must construe his Complaint liberally and interpret it "'to raise the strongest arguments that [it] suggest[s].'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. Factual Allegations

Although Mr. Myers states that, at all times relevant to this Complaint, he was a pretrial detainee confined at the Walker building of the MacDougall-Walker Correctional Institution, Compl. ¶3, ECF No. 1, he alleges that the incident underlying the Complaint occurred while he was confined at the Corrigan-Radgowski Correctional Center, *id.* ¶10.

On May 6, 2014, Mr. Myers claims that he was alone in his cell listening to his CD player and watching television, when Defendant Murphy allegedly began using racially derogatory language and harassing Mr. Myers through the cell door. *Id*. ¶10-13.  Shortly thereafter, Defendants Murphy, Lukasiewski and Rentz allegedly approached Mr. Myers cell without a supervisor or video camera and opened the door.  *Id.* ¶15.  Defendant Murphy allegedly continued the verbal harassment and told Mr. Myers to stand up and put on his shoes. *Id.* ¶16. Mr. Myers claims that, at Defendant Murphy's request, Defendants Rentz and

Lukasiewski obstructed the view of the cell. *Id.* ¶17. Defendant Murphy then allegedly struck Mr. Myers about the face and head with closed fists, without provocation. *Id.* ¶19. When he dropped to the floor, Defendants Rentz and Lukasiewski allegedly joined Defendant Murphy in assaulting Mr. Myers by punching, kicking and elbowing him and hitting him with handcuffs. *Id.* ¶21. The Defendants allegedly continued to use racial epithets and encouraged Mr. Myers to fight back. *Id.* ¶¶19-22. As a result of the Defendants' conduct, Mr. Myers claims that he suffered swelling to his face, head and body, abrasions to his lips and body, as well as mental and psychological injuries. *Id.* ¶ 23.

Defendant Marston allegedly arrived during the assault but did not intercede to prevent Defendants Murphy, Rentz and Lukasiewski from assaulting Mr. Myers. *Id.* ¶¶ 26-27. Although Mr. Myers alleges that he was not resisting, he claims that Defendant Marston deployed a chemical agent. *Id.* ¶ 29. Defendant Marston also allegedly ordered Mr. Myers to be placed on in-cell restraints, consisting of handcuffs and shackles connected by a tether chain, for fourteen hours. *Id.* ¶¶ 33-34. As a result of being placed on in-cell restraints, Mr. Myers allegedly suffered lacerations to his wrists and ankles and experienced mental and emotional damages. *Id.* ¶ 35.

On May 8, 2014, Mr Myers alleges that Defendant Doe #1 ordered him to be transferred to administrative segregation at Northern Correctional Institution, without prior notice. *Id.* ¶¶ 37-38. Mr. Myers contends that Defendant Griggs provided him with a hearing on June 16, 2014. *Id.* ¶ 39. Mr. Myers also alleges that the hearing was based on a false claim that he had assaulted Defendant Murphy on May 6 and that he was not shown any evidence against him. *Id.* ¶¶40, 42. He claims that Defendant Griggs told him that he had been criminally prosecuted for

3

assault of a Department of Correction employee, when he was charged only with disorderly conduct. *Id.* ¶¶ 40-42. On August 2, 2014, Mr. Myers allegedly received notice that Defendant Griggs approved his confinement on administrative segregation status without an adequate basis. *Id.* ¶ 43. Mr. Myers contends that Defendant Doe #2 denied his appeal of the decision and, in doing so, that he "allowed" due process violations to occur. *Id.* ¶¶ 46-47.

### III.     Discussion

Mr. Myers asserts federal claims for use of excessive force against Defendants Murphy, Rentz, Lukasiewski and Marston, failure to protect against Defendant Marston, and denial of due process against Defendants Griggs, Doe #1 and Doe #2. He also asserts state law claims for assault, battery, and unlawful restraint against Defendant Marston.

"'[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.'" *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). The Court applies an objective standard in assessing an excessive force claim brought by a pretrial detainee. The "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.*

Mr. Myers alleges that Defendants Murphy, Rentz, Lukasiewski, and Marston used force against him when he was not resisting or violating any prison rules and ordered him confined on in-cell restraints without justification. At this stage, these allegations are sufficient to state plausible federal claims for use of excessive force, failure to protect, and supplemental state law claims for assault, battery and unlawful restraint. The claims under 42 U.S.C. §1985, addressing

conspiracies to interfere with civil rights, and 42 U.S.C. §1986 claims, addressing the failure to prevent a Section 1985 violation, will proceed as well at this time.

Mr. Myers also alleges that he was not afforded notice before being placed in administrative segregation, was not afforded a hearing for a month, had to wait over another month to learn of the hearing decision, and was not shown any evidence supporting his placement.  "[The Second] Circuit has found that procedural due process requires that pretrial detainees can only be subjected to segregation or other heightened restraints if a pre-deprivation hearing is held to determine whether any rule has been violated."  *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citation omitted).  As Mr. Myers alleges that no pre-deprivation hearing was held before he was confined in segregation, he has set forth a plausible due process claim at this stage.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     **The Clerk shall** verify the current work address of the named Defendants, Correctional Officers D. Murphy, Lukasiewski and Rentz, Lieutenant Marston and Counselor Supervisor B. Griggs, with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the Complaint to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order.  The Clerk shall report to the Court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the Defendant in his or her individual capacity and the Defendant shall be required to pay the costs of such service in accordance with Federal

5

Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Complaint on the Defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this Order and to file a return of service within thirty (30) days from the date of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)      The Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the Plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. The Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The Plaintiff should also notify the Defendant or the attorney for the Defendant of his new address.

(9) The Court cannot effect service on Defendants Acting Commissioner John Doe #2 and Director of Classification John Doe #1 without their full names and current work addresses. Mr. Myers is directed to file a notice within **thirty (30) days** from the date of this Order containing the required information. Failure to comply with this order may result in the dismissal of all claims against defendants Doe without further notice from the Court.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of March 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge