# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SHAUN MYERS,
    Plaintiff,

v.

D. MURPHY, ET AL.,
    Defendants.

No. 3:15-cv-01751 (VAB)

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Shaun Myers ("Plaintiff"), incarcerated and proceeding *pro se*, filed this action asserting claims for use of excessive force, deliberate indifference to safety/failure to protect, and denial of due process. The remaining defendants, Correctional Officers D. Murphy, Lukasiewski and Rentz, Lieutenant Marston, Counselor Supervisor B. Griggs, Lynn Milling, and Monica Rinaldi (collectively "Defendants"), move for summary judgment on the procedural due process claim only.

For the reasons that follow, Defendant's motion, ECF No. 41, is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Allegations

On May 6, 2014, while incarcerated at Corrigan Correctional Institution, Mr. Myers assaulted a correctional officer, according to a number of staff members *See* Incident Summary Report, ECF No. 42-5. According to the incident report, Mr. Myers "jumped off the top bunk" in his cell and "punched Officer Murphy with a closed fist to the right shoulder." *Id.* Following the incident, Mr. Myers "was then escorted to Restrictive housing, strip searched and placed into In-cell restraints . . . ." *Id.*

Defendants then provided Plaintiff with a "Class A disciplinary ticket," placed him in administrative detention, and then transferred him shortly to Northern Correctional Institute. Defs. 56(a)(2) Stmt. ¶¶ 4-5.

Once at Northern, Counselor Supervisor Bachan provided Mr. Myers with a Notification of Hearing, dated June 9, 2014. *See,* Notification of Hearing, ECF No 42-2. The notice detailed the May 6, 2014 incident, and informed Mr. Myers that "[d]ue to your extremely violent and

---

[1] The Court only addresses those factual allegations necessary for resolution of Mr. Myers' procedural due process claim. The facts are taken from Defendants' Local Rule 56(a) Statement and supporting exhibits filed by both parties. Local Rule 56(a)(2) requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)(1) Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)(2) and 56(a)(3). Although the defendants informed Mr. Myers of this requirement, ECF No. 41-7, he has not submitted a Local Rule 56(a)(2) Statement. Accordingly, the defendants' facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)(1) ("Each material fact set forth in the Local Rule 56(a)(1) Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact.").

dangerous behavior, you have demonstrated a serious threat to the safety and security of staff, inmates and the department. As a result of your conduct, Warden Erfe requested that you be reviewed for placement within the Administrative Segregation program." *Id. See also* Letter from Scott Erfe, Warden, to Angel Quiros, District Administrator, and Karl Lewis, Director of OCPM, ECF No. ECF No 42-2 (reporting incident and "formally request[ing] that inmate Shaun Myers . . . be considered for Administrative Segregation.") Mr. Myers signed a document indicating his receipt of the notice. Defs. 56(a)(1) Stmt. ¶ 7. Mr. Myers was offered the assistance of an advocate at the hearing, but signed a document indicating that he declined this assistance. *Id.* ¶ 8.

On June 16, 2014, the administrative segregation hearing was held. *Id.* ¶ 9. Counselor Supervisor Griggs, one of the Defendants here, served as the hearing officer. Documentary evidence of Mr. Myers;' conduct during the incident was presented at the hearing. *Id.*; *see also* Aff. of Bryan Griggs ¶ 7 ("Griggs Aff.), ECF No. 41-2. Mr. Myers also gave a statement and claimed that "I never hit anyone and they beat me down." *See* Restrictive Status Report of Hearing for Placement or Removal, 41-2. He claimed the staff lied; he also maintained the officer was in his cell for two minutes before anything happened, and that the correctional officers had "come to my cell . . . to get aggressive with me." *Id.*

Defendant Griggs recommended that Mr. Myers be placed in the Administrative Segregation Program. Defs. 56(a)(1) Stmt. ¶ 7. *See also* Restrictive Status Report of Hearing for Placement or Removal § 2 ("Inmate Meyers assaulted a staff member and due to his non compliant behavior, two additional staff members were also injured. Due to his assaultive behavior, he needs to be placed in the Administrative Segregation program, for the safety and

3

security of staff, inmates and the department.").

On June 26, 2014, Defendant Milling, the Director of Offender Classification and Population Management, authorized Mr. Myers' placement. Defs. 56(a)(1) Stmt. ¶ 14. Mr. Myers received notification of the decision on July 1, 2014, and signed a document acknowledging receipt of the notice. Defs. 56(a)(1) Stmt. ¶ 14.

**B.     Procedural History**

Mr. Myers filed the Complaint in this case *pro se* on November 30, 2015, asserting claims for use of excessive force, deliberate indifference to safety and failure to protect, and denial of due process. *See* Compl., ECF No. 1. He also moved to proceed *in forma pauperis*. Mot., ECF No. 2.

On March 28, 2016, this Court issued its Initial Review Order. *See* Order at 4-5, ECF No. 7 (holding allegations were "sufficient to state plausible federal claims for use of excessive force, failure to protect, and supplemental state law claims for assault, battery and unlawful restraint" and that "[a]s Mr. Myers alleges that no pre-deprivation hearing was held before he was confined in segregation, he has set forth a plausible due process claim at this stage.").

Defendants moved for summary judgment, arguing that Mr. Myers failed to exhaust his administrative remedies before commencing the lawsuit. Defs. Mot. for Summ. J., ECF No. 21. On January 11, 2017, this Court denied the motion. *See* Ruling on Defendants' Motion for Summary Judgment, ECF No. 26. It concluded that "Mr. Myers has provide copies of grievance appeals regarding his classification" and that Defendants "fail to acknowledge the existence of [an] original grievance, which was denied, or the appeals." *Id.* at 7. While there was a question about whether "Mr. Myers actually filed the grievance appeals," the Court could not resolve that

issue on summary judgment and there remained "a genuine issue of fact about whether Mr. Myers exhausted his administrative remedies on the classification issue." *Id.* Mr. Myers then filed an Amended Complaint. Am. Compl., ECF No. 30.

The remaining Defendants, Correctional Officers D. Murphy, Lukasiewski and Rentz, Lieutenant Marston, Counselor Supervisor B. Griggs, Lynn Milling, and Monica Rinaldi, then filed this motion for summary judgment, addressing the procedural due process claim only. *See* Defs. Mot. Summ. J., ECF No. 41.

**II.      STANDARD OF REVIEW**

In a motion for summary judgment, the burden is on the moving party to establish that no genuine issues of material fact remain in dispute, and that it is thus "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and a factual issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reviewing the record, a court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citations omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is inappropriate. *See Security Insurance Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004); *Anderson,* 477 U.S. at 250 (summary judgment is proper only when "there can be but one reasonable conclusion as to the verdict").

In determining whether summary judgment is appropriate, a court must consider only admissible evidence. *See Spiegel v. Schulmann*, 604 F.3d 72, 81 (2d Cir. 2010) ("It is well established that in determining the appropriateness of a grant of summary judgment, [the court] . . . may rely only on admissible evidence") (citation and internal quotation marks omitted); FED. R. CIV. P. 56(e).

### III. DISCUSSION

Defendants move for summary judgment on Mr. Myers' due process challenge to his placement on Administrative Segregation status at Northern Correctional Institution, as a result of the May 6, 2014 incident. Mr. Myers alleges that he was not afforded notice and a hearing before his placement and cites other deficiencies at the subsequent hearing. Am. Compl. at 2. Mr. Myers does not assert a due process challenge to the disciplinary hearing regarding charges stemming from this incident.

Defendants move for summary judgment, arguing that Mr. Myers did not suffer an atypical and significant hardship and his due process claim is unfounded. *See* Def. Mem. at 3-4, ECF No. 41-1. First, Defendants contend that Mr. Myers' due process claim fails because he did not suffer an atypical and significant hardship as required under *Sandin v. Conner*, 515 U.S. 472 (1995). *Sandin*, however, applies only to sentenced prisoners. *See Iqbal v. Hasty*, 490 F.3d 143, 163 (2d Cir. 2007) ("[The Second Circuit] has said that *Sandin* does not apply to pretrial detainees and that, accordingly, pretrial detainees need not show that an imposed restraint imposes atypical and significant hardships to state deprivation of a liberty interest protected by procedural due process."), *rev'd on other grounds, Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Benjamin v. Fraser,* 264 F.3d 175 (2d Cir. 2001) (same); *Parson v. York*, No. 16-cv-167

6

(DNH/CFH), 2017 WL 1076536, at *4 (N.D.N.Y. Feb. 28, 2017) (*Sandin* does not apply to pretrial detainees because their liberty interest is more substantial than that of convicted prisoners), *report and recommendation adopted by*, No. 9:16-cv-0167DNHCFH, 2017 WL 1066677 (N.D.N.Y. Mar. 21, 2017). Mr. Myers was unsentenced at the time of the incident. Thus, *Sandin* does not apply.

As a pretrial detainee, Mr. Myers' "liberty interest in freedom from restraint is highly qualified and must be balanced against the state's reasons for restraining that liberty. . . . [R]estrictions on pretrial detainees that implicate a liberty interest protected under the Due Process Clause may not amount to punishment of the detainee." *Benjamin*, 264 F.3d at 188 (citations and internal quotation marks omitted); *see also Fieldland v. Otero*, Civil No. 3:11-cv-606 (JBA), 2014 WL 1247992, at *4 (D. Conn. Mar. 25, 2014) ("A pretrial detainee has a liberty interest under the Due Process Clause in avoiding conditions of pretrial confinement that amount to punishment.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979)).

Thus, the Court must determine whether a particular restriction "is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Wolfish*, 441 U.S. at 538; *see also Cabral v. Strada*, 513 F. App'x 99, 101 (2d Cir. 2013). If the restriction "is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Wolfish*, 441 U.S. at 539.

The process due a pretrial detainee at a hearing depends on the purpose of the hearing. Prison disciplinary hearings, for example, must follow specific procedures to satisfy due process. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). The inmate must be afforded "written notice, adequate time to prepare a defense, a written statement of the reasons for the action taken, and a

7

limited ability to present witnesses and evidence." *Benjamin*, 264 F.3d at 190.

If, however, the restraint is imposed for "administrative" purposes, the required process is determined by the standard in *Hewitt v. Helms*, 459 U.S. 460 (1983). *Id.* Under *Hewitt*, the inmate is entitled to "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." 459 U.S. at 476. In addition, the "proceeding must occur within a reasonable time following an inmate's transfer . . . ." *Id.* at 476 n.8; *see also Taylor v. Comm'r of N.Y.C. Dep't of Corr.*, 317 F. App'x 80, 82 (2d Cir. 2009).

On May 6, 2014, prison officials placed Mr. Myers on Administrative Detention, not Administrative Segregation, . a placement based on a determination that Mr. Myers' continued presence in general population posed a serious threat to institutional safety and security, pending adjudication of two disciplinary reports for assault on staff and impeding order. *See* Incident Summary Report at 66, ECF No. 41-5. Institutional safety and security is a legitimate administrative purpose. *See Hewitt*, 459 U.S. at 473 (citing threat to institutional safety and security and investigation of misconduct as important institutional interests). Thus, Mr. Myers is only due the procedures set forth in *Hewitt*. *See Wilkinson v. Austin*, 545 U.S. 209, 224-29 (2005) (finding protections in *Hewitt* were sufficient for inmate placement in Supermax prison).

On June 10, 2014, prison officials notified Mr. Myers that he was being considered for placement on Administrative Segregation status and that a hearing would be held on June 16, 2014. Mr. Myers signed an acknowledgment that he received the notice and declined assistance of an advocate at the hearing. *See generally* Griggs Aff., ECF No. 41-2. Mr. Myers spoke at the hearing presenting his version of the incident. *Id.* ¶ 8. Thus, the first two requirements are met.

8

The third requirement is that the hearing be held within a reasonable time. *Hewitt*, 459 U.S. at 476 n. 8 ("The proceeding must occur within a reasonable time following an inmate's transfer, taking into account the relatively insubstantial private interest at stake and the traditionally broad discretion of prison officials.").

The reasonableness of a delay depends on the circumstances. *Santana v. Keane*, 949 F.2d 584, 585 (2d Cir. 1991). The Second Circuit has regularly held, however, that the "failure to provide informal review procedures within even as short a time as seven days in connection with a transfer into administrative confinement states a due process claim." *Soto v. Walker*, 44 F.3d 169, 172 (2d Cir. 1995) (finding, in evaluating motion to dismiss, a fifteen-day delay was legally sufficient); *see also Santana*, 949 F.2d at 585 ("Here, the hearing began five days after the initial keeplock and concluded four days later. As the record sheds no light on the reasons for the delay in the present case, we are unable to conclude as a matter of law that due process was satisfied."); *Russell v. Coughlin*, 910 F.2d 75, 78 (2d Cir. 1990) (finding unreasonable delay where inmate subjected to administrative confinement for ten days without a hearing and with no explanation for the delay); *Walker v. Quiros*, No. 3:11-CV-82 (MPS), 2014 WL 7404550, at *11 (D. Conn. Sept. 30, 2014) (holding delay of 49 days exceeds range of permissible delays suggested by precedent).[2]

Mr. Myers received notice of Administrative Detention placement on May 8, 2014, and the hearing was not held until June 16, 2014, about six weeks later. As addressed above, the six-week gap between Mr. Myers' placement in confinement and the hearing is beyond what other

---

[2] In *Walker,* another judge in this district has found a genuine issue of fact regarding whether confinement in Administrative Detention deprives an inmate of a constitutional liberty interest. *Walker v. Quiros*, No. 3:11-CV-82 (MPS), 2014 WL 7404550, at *9 (D. Conn. Sept. 30, 2014).

courts have determined to be unreasonable. Additionally, Defendants do not address the delay and appear to assume that the time was reasonable. Def. Mem. at 3, 5-6 (noting notice, hearing and "reasonable time" requirement, but only addressing whether notice and non-adversary proceeding were provided). In the absence of a reasonable explanation for the delay, Defendants have failed to satisfy their burden on summary judgment.

Accordingly, Mr. Myers states a cognizable due process claim and Defendants' motion for summary judgment is denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment, ECF No. 41, is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of August, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE